IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RODNEY T. FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-662-D |
| | ) | |
| JOE M. ALLBAUGH, Director, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial screening of Plaintiff's Civil Rights Complaint, Judge Erwin recommends the dismissal of this action pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2) for failure to state a claim upon which relief can be granted. Judge Erwin finds that Plaintiff has failed to state a plausible claim that any defendant, particularly ones who served in supervisory roles, violated a constitutional right of Plaintiff. Judge Erwin also recommends that the dismissal count as a "prior occasion" or strike under 28 U.S.C. § 1915(g). Plaintiff has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff, an Oklahoma prison inmate who appears *pro se*, complains primarily about incidents that occurred at his prior place of confinement, the Lexington Correctional Center

("LCC"), in November 2015. Plaintiff alleges he was physically assaulted by inmate Charles Moore on November 4 and suffered a head injury, but no disciplinary action was taken against Moore. Plaintiff alleges that other inmates assaulted Moore on November 5, but a unit manager, Mike Duncan, detained Plaintiff in "lockup," searched and "trashed" his cell, and had him charged with misconduct for the assault. *See* Compl. attach. 1 [Doc. No. 1-1], p.1. Plaintiff alleges Duncan favored "white Arian supporters" (apparently Moore) and targeted minority races and religions (apparently Plaintiff, who is Muslim). *See* Compl. [Doc. No. 1], p.2. Plaintiff claims Duncan violated Plaintiff's constitutional rights to due process and religious freedom, and destroyed personal property taken from his cell. Plaintiff claims that LCC's deputy warden, Jenny Dillion, allowed Duncan to violate institutional policies and procedures and Plaintiff's constitutional rights. Plaintiff claims he wrote to Dillion, Warden T. McCollough, and Director Joe M. Allbaugh about "the entire incident" and filed grievance forms, but no corrective action was taken. *See* Compl. attach. 1 [Doc. No. 1-1], p.2. Plaintiff also makes a conclusory assertion that Duncan, Dillion, and a nonparty (Ladanna Warrior) demonstrated deliberate indifference to a serious medical need. *Id*. Plaintiff says he has headaches and blurry vision as a result of his head injury.

Liberally construing Plaintiff's Objection, he appears to object generally to Judge Erwin's findings that the Complaint fails to state a plausible claim under 42 U.S.C. § 1983. In light of the thorough analysis and detailed findings of the Report, the Court finds that only specific issues raised by the Objection should be addressed. Review of all other issues is

2

waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).[1]

Plaintiff first asserts that Duncan violated his due process rights by causing him to be falsely charged with misconduct, but Plaintiff concedes the proceeding "initially started in November 2015, was suspended." *See* Pl.'s Obj. [Doc. No. 11], p.2. Plaintiff thus confirms the correctness of Judge Erwin's finding that the Complaint does not allege facts to show the impairment of a liberty interest protected by the Due Process Clause.[2]

Plaintiff next disagrees with Judge Erwin's finding that he has not stated a claim under the Equal Protection Clause. Plaintiff asserts "he has the right to the same security protection and policy protocols as other inmates under the Department [of Corrections] Policy." *See* Pl.'s Obj. [Doc. No. 11], p.2. This assertion arguably suggests a "class-of-one" equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A plausible class-of-one claim must be supported by factual allegations "that others, similarly situated in every material respect were treated differently" and "this difference in treatment was without rational basis." *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (internal quotation omitted); *see also Brown v. Montoya*, 662 F.3d 1152,

---

[1] Plaintiff expressly states that "[t]he only reason Director Allbaugh and [Warden] McCollough are named is due to their supervisory positions" and his § 1983 action should proceed "against Defendants Duncan and Dillion only." *See* Pl.'s Obj. [Doc. No. 11], p.5. Thus, Plaintiff appears to concede that the Complaint fails to state a § 1983 claim against Defendants Allbaugh and McCollough.

[2] Plaintiff adds new allegations in the Objection that "[s]ince the initial filing of said action, Duncan has forwarded these misconduct proceedings, which is in violation of D.O.C. Policy and Procedures." *See id*. The meaning of "forwarding" a misconduct proceeding (presumably, to Plaintiff's current place of confinement) is unclear. But these allegations do not show a denial of due process by Defendant Duncan.

3

1173 (10th Cir. 2011) (plaintiff who "does not allege facts about any particular person or persons who were treated differently from him" fails to state a class-of-one claim). Plaintiff does not make such allegations.

Plaintiff also disagrees with Judge Erwin's finding that allegations of intentional destruction of Plaintiff's personal property do not state a cognizable § 1983 claim. Judge Erwin relies on the principle that no due process claim is available where an adequate post-deprivation remedy exists and that Oklahoma law provides such a remedy. *See* R&R [Doc. No. 10], p.10 (citing *Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010)). Plaintiff does not address this legal principle or authority in his Objection. Instead, he argues that no official of the Department of Corrections has offered to compensate him for lost property "nor has any remedy been offered to resolve the loss and destruction." *See* Pl.'s Obj. [Doc. No. 11], p.3. The lack of an offer of compensation does not mean there is no legal remedy. The Court agrees with Judge Erwin that Plaintiff fails to allege he lacks an available remedy. *See Peterson v. Lampert*, 499 F. App'x 782, 785 (10th Cir. 2012) (prison grievance process may constitute sufficient post-deprivation remedy).[3]

Finally, Plaintiff challenges Judge Erwin's finding that the Complaint does not state a § 1983 claim against Defendant Dillion. Plaintiff contends Dillion is responsible because "she allowed the actions of Duncan to continue once notified of them, and as supervisor and

---

[3] Plaintiff points out in his Objection that a state employee may be held personally liable for a malicious or bad faith act, outside the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-72. Judge Erwin has properly screened the Complaint for claims within federal court jurisdiction, and recommends dismissal without prejudice to pursuit of other potential claims. The Court need not address the sufficiency of the Complaint to assert a state law claim.

facility administrator, Dillion is also a party to these acts." *See* Pl.'s Obj. [Doc. No. 11], p.4. However, to establish § 1983 liability of a defendant-supervisor, a plaintiff must show: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010); *see also Brown*, 662 F.3d at 1164; *Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015). Plaintiff has made no factual allegations that would support § 1983 liability of Dillion.

In summary, upon *de novo* consideration of the issues raised by Plaintiff's Objection, the Court finds that the Complaint fails to state a § 1983 claim for reasons ably explained by Judge Erwin in his Report. For these reasons, the Court finds that this action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted, and the dismissal should count as a "prior occasion" or strike under 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED as set forth herein. This action is DISMISSED without prejudice to refiling. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 11th day of October, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE